U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 8 2010

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SAMSON MOSES BILLIOT,                  §
                                       §
                Petitioner,            §
                                       §
v.                                     §      No. 4:10-CV-284-A
                                       §
RICK THALER, Director,                 §
Texas Department of Criminal           §
Justice, Correctional                  §
Institutions Division,                 §
                                       §
                Respondent.            §

## MEMORANDUM OPINION
## and
## ORDER

This is a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 filed by petitioner, Samson Moses Billiot, a state
prisoner currently incarcerated in Amarillo, Texas, against Rick
Thaler, Director of the Texas Department of Criminal Justice,
Correctional Institutions Division, respondent.  After having
considered the pleadings, state court records, and relief sought
by petitioner, the court has concluded that the petition should
be dismissed as time-barred.

### I.  Factual and Procedural History

On April 8, 1998, a jury found petitioner guilty of
aggravated assault with a deadly weapon, a baseball bat, in the
213th District Court of Tarrant County, Texas, and assessed his

punishment at 25 years' confinement.   (Clerk's R. at 86)
Petitioner appealed his conviction, but the Second District Court
of Appeals of Texas affirmed the trial court's judgment, and, on
September 8, 1999, the Texas Court of Criminal Appeals refused
his petition for discretionary review (PDR).  *Billiot v. Texas*,
No. 02-98-170-CR, slip op. (Tex. App.–Fort Worth Apr. 22, 1999)
(not designated for publication); *Billiot v. Texas*, PDR No. 836-
99.   Petitioner did not seek writ of certiorari.   (Petition at 2)

Petitioner also sought state postconviction habeas relief by
filing three applications for writ of habeas corpus.  *Ex parte
Billiot*, Application Nos. WR-42,018-01 through WR-42,018-03.
Petitioner's first application was filed prematurely on June 9,
1999, while his direct appeal was pending, and mistakenly denied
without written order by the Texas Court of Criminal Appeals on
August 18, 1999.   It is impossible to ascertain whether
petitioner received notice of the state court's decision because
TDCJ's mail-log retention schedule is only five years.   (Resp't
Preliminary Resp., App. A)   Petitioner's second application was
filed on December 17, 2003, and mistakenly dismissed by the Texas
Court of Criminal Appeals as successive on August 25, 2004.   It
appears petitioner received notice of the state court's decision
on August 30, 2004.   (*Id.* App. B)   Petitioner's third application

was filed on December 8, 2004, and dismissed by the Texas Court of Criminal Appeals as successive on February 9, 2005.   It appears petitioner received notice of the state court's decision on February 14, 2005.   (*Id.*)

On June 26, 2009, after communication with the State Counsel for Offenders, petitioner filed a Suggestion for Reconsideration in the Texas Court of Criminal Appeals, and the state court issued the following order on August 19, 2009:

> On August 18, 1999, we denied the -01 application
> without written order, and on August 25, 2004, we
> dismissed the -02 application under TEX. CODE CRIM. PROC.
> art. 11.07, § 4.   We now withdraw these dispositions on
> our own motion and dismiss the -01 application and deny
> the -02 application.   Accordingly these applications
> are dismissed and denied, respectively.

*Ex parte Billiot*, No. WR-42,018-01 & -02 (order).   It appears petitioner received notice of the order on August 25, 2009.   This federal petition was filed nearly eight months later on April 23, 2010, in which petitioner challenges his 1998 conviction on three grounds.   Respondent contends the petition is untimely.

## II.   STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.   Section 2244(d) provides:

> (1)   A 1-year period of limitations shall apply to

an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

    Petitioner asserts that § 2244(d)(1)(B) or (D) is applicable to his case and/or that he is entitled to equitable tolling of the limitations period.  According to petitioner, his delay in seeking state and federal postconviction relief is attributable to the fact that the state places "no time or numerosity

4

limitations on the filing of habeas corpus writs" and to the fact that he had no access to a computer and the internet and was not informed by court-appointed counsel on appeal or the Texas Court of Criminal Appeals of the court's refusal of his PDR, which was "tantamount to 'fraudulent concealment' and which violated the 'Fair Notice Doctrine.'" (Pet'r Reply at 3-4).  Petitioner claims he did not learn of the denial of his PDR until May 2009, nearly ten years after the fact, through communication with the State Counsel for Offenders.  He further claims it was only after he was able to obtain proper rulings on his habeas applications -01 and -02, for exhaustion purposes, was the "state-imposed impediment" to filing his federal petition removed.  (*Id.* at 5, 8)

The fact that there is no defined time limit on bringing state habeas applications is irrelevant to the computation of the federal limitations period.  Further, to satisfy § 2244(d)(1)(B), "the prisoner must show that:  (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law."  *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).  Although this section does not define what constitutes an "impediment," its "plain language . . . makes

clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002). The alleged lack of timely notice of the refusal of petitioner's PDR does not fall within the purview of a State-created impediment within the meaning of § 2244(d)(1)(B) because it did not prevent petitioner from filing his federal petition.

Finally, petitioner cannot rely upon the "factual predicate" exception as the operative start date for limitations. Petitioner's lengthy delay in seeking state and federal habeas postconviction relief, including correction of state court rulings, does not demonstrate due diligence on his part. Information on the state court's refusal of his PDR could have been determined by diligent inquiry with the state court, if not from appellate counsel. Nor has petitioner alleged or demonstrated rare and exceptional circumstances that would justify equitable tolling. *See United States v. Petty*, 530 F.3d 361,364-65 (5th Cir. 2008); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). There is no evidence whatsoever in the record that petitioner could not have contacted his attorney or the state court in order to learn the status of his PDR sooner. *See*

e.g., *Lewis v. Cockrell*, 33 Fed. Appx. 704, 2002 WL 432658, *4
(5th Cir. Mar. 5, 2002).  Petitioner has not demonstrated that he
was actively misled by the state or prevented in some
extraordinary way from asserting his rights in state or federal
court.

Under subsection (A), applicable to this case, the
limitations period began to run on the date on which the judgment
of conviction became final by the expiration of the time for
seeking direct review.  For purposes of this provision,
petitioner's conviction became final and the one-year limitations
period began to run upon expiration of the time that petitioner
had for filing a petition for writ of certiorari in the United
States Supreme Court on December 7, 1999, and closed one year
later on December 7, 2000, absent any tolling.  *See id.* §
2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.
1998); SUP. CT. R. 13.

Petitioner is not entitled to statutory tolling under §
2244(d)(2) during the time his first state habeas application was
pending.  *See Larry v. Dretke,* 361 F.3d 890, 893-94 (5th Cir.),
*cert. denied*, 543 U.S. 893 (2004) (state writ filed during the
pendency of a direct appeal is not "properly filed" within the

meaning of § 2244(d)(2) and, therefore, does not toll the statute of limitations).  Nor do petitioner's second and third state habeas applications filed on December 17, 2003, and December 8, 2004, respectively, or his suggestion for reconsideration filed on June 26, 2009, after limitations had already expired, operate to toll the federal limitations period under § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Gordon v. Dretke,* 107 Fed.Appx. 404, 406, 2004 WL 1777213, at *1 (5th Cir. 2004) (motion to reconsider denial of state habeas application filed after expiration of limitations period does not toll limitations period under § 2244(d)(2)).

Petitioner's federal petition was due on or before December 7, 2000, therefore his petition filed on April 23, 2010, was filed beyond the limitations period and is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for

8

the reasons discussed herein, the court further ORDERS that a

certificate of appealability be, and is hereby, denied, as

petitioner has not made a substantial showing of the denial of a

constitutional right.

SIGNED July ___8___, 2010.


_____
JOHN McBRYDE
United States District Judge